**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matilda Williams,               )<br>                                         )<br>        Plaintiff,              )<br>                                         )<br>vs.                                    )<br>                                         )<br>                                         )<br>JoAnne Barnhart, Commissioner of the )<br>Social Security Administration, )<br>                                         )<br>        Defendant.            )<br>_____) | No. CV-05-3717-PHX-FJM<br><br>**ORDER** |

  Matilda Williams suffers from a back injury that she sustained on June 19, 1996. An Administrative Law Judge ("ALJ") concluded that the injury was disabling until November 11, 1998, but not thereafter because her health improved and allowed her to perform full-time light work. The ALJ therefore granted her disability benefits for the period before November 11, 1998, and denied her benefits for the period thereafter. Williams subsequently filed this action for review pursuant to 42 U.S.C. § 405(g), contending that the ALJ erred in the denial. We have before us Williams' motion for summary judgment (doc. 8) and defendant's response and cross-motion for summary judgment (docs. 14 and 15), to which no response was filed.

  Two of Williams' treating physicians, Drs. Nielson and Noblett, concluded that her back pain restricts her to part-time work. Tr. at 213-15, 307. The ALJ found that those opinions are self-contradictory and contradicted by the objective medical evidence. Tr. at

1    334-35.  Specifically, the ALJ identified inconsistencies with the treatment notes, the
2    treatment of a related worker's compensation claim, the lumbar spine films, the MRI, the
3    decision to not recommend surgery, and the neurological testing. Id. And, in contrast to Drs.
4    Nielson and Noblett, Dr. Ledington, also one of Williams' treating physicians and a physical
5    medicine specialist, did not restrict Williams to part-time work; he merely restricted her to
6    "sedentary to light duty work." Tr. at 314.  The ALJ disregarded Drs. Nielson and Noblett's
7    opinions, and concluded that Williams is capable of light work.  Williams contends that the
8    ALJ thereby erred.

9        The ALJ is the factfinder, and therefore he must resolve factual disputes.  Where a
10   physician's opinion is contradicted by the opinions of other treating physicians or objective
11   medical evidence, an ALJ may legitimately disregard those opinions, so long as he
12   specifically sets forth his reasons. Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989); see
13   Sampson v. Apfel, 165 F.3d 616, 618-19 (8th Cir. 1999).  The ALJ legitimately disregarded
14   Drs. Nielson and Noblett's opinions because they are contradicted by the objective medical
15   evidence and by Dr. Ledington's opinion.

16       Williams next contends that the ALJ erred by disregarding the opinion of Charles
17   Bahn, M.D., the hearing medical expert.  Contrary to Williams' contention, the ALJ
18   addressed the opinions of Dr. Bahn.  Tr. at 333-35.  Dr. Bahn concluded, based upon Drs.
19   Nielson and Noblett's opinions and Williams' subjective complaints, that Williams is
20   restricted to part-time work.  The ALJ disregarded Drs. Nielson and Noblett's opinions and
21   found that Williams' subjective complaints lack credibility. Tr. at 334-35.  Accordingly, he
22   rationally gave little weight to Dr. Bahn's opinion.

23       Finally, Williams contends that the ALJ erred by relying upon Dr. Ledington's
24   statement that Williams "needs to be restricted to sedentary to light duty work." Tr. at 314.
25   She contends that Dr. Ledington does not "cite physical capacities nor indicate whether he
26   disagreed with his associate, Dr. Noblett, that the claimant could only work part-time."
27   Plaintiff's Memorandum at 5.  Dr. Ledington does not describe Williams' specific capacities
28   with regard to amount of time that she can sit or stand, or the amount of weight that she can

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

lift. However, he describes his examinations, the results, her physical health, and he concludes that she is able to work. Tr. at 332-34. He does not restrict the work to part-time. Tr. at 314. Dr. Ledington's conclusion is supported by the MRI results and Dr. Sampat's conclusion that shows "continuing medical improvement of the claimant, with normal range of motion of the joints in the upper and lower extremities and no evidence of radiculopathy (exhibit 12F)." Tr. at 335. This is substantial evidence supporting the ALJ's conclusion.

For all these reasons, Williams' claim fails. Accordingly, **IT IS ORDERED DENYING** plaintiff's motion for summary judgment (doc. 8) and **GRANTING** defendant's cross-motion for summary judgment (doc. 15).

DATED this 21st day of July, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge